UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: ENZOINED LITIGANT
GERARD D. GRANDOIT

MISCELLANEOUS BUSINESS
NO. 14-91131-WGY

MEMORANDUM AND ORDER

YOUNG, D.J.                                                                                    July 28, 2014

Movant Gerard D. Grandoit,[1] has been found by a judge of this Court to be an abusive litigant.[2] As a result, he has been enjoined from filing civil actions in this Court without first obtaining permission from a judicial officer.

Now before the Court is a motion from Grandoit seeking permission to add new facts and claims "to the proposed Complaint that he petitioned to file against Cambridge Housing Authority." See Docket No 1. Grandoit avers that he has not received a response "from the Court" concerning a 12/13/2013 "letter asking permission for leave to file a Complaint against

---

[1]Plaintiff previously filed the following eighteen actions: Grandoit v. Gilson, 04-10343-RWZ (closed Jun. 16, 2004); C.A. No. Grandoit v. Cooperative for Human Servs., 04-10347-RWZ (closed Jun. 16, 2004); Grandoit v. Liberty Mutual Ins. Co., C.A. No. 04-10348-RWZ (closed Jun. 16, 2004); Grandoit v. Silverman, C.A. No.08-11278-EFH (closed Jul 30, 2010); Grandoit v. Gilson, C.A. No. 08-10934-JLT (closed Jul. 23, 2009); Grandoit v. Murray, C.A. No. 08-10938-RGS (closed Dec. 19, 2008); Grandoit v. Liberty Mutual Ins. Co., C.A. No. 08-10941-PBS (closed Sept. 19, 2008); Grandoit v. Cooperative for Human Servs., C.A. No. 08-10939-DPW (closed Sept. 19, 2008); Grandoit v. Bane, C.A. No. 08-11045-DPW (closed Sept. 19, 2008); Grandoit v. Direct Merchant Credit Cards Banks, C.A. No. 08-11276-JLT (closed Jun. 25, 2009); Grandoit v. The Physician Network, C.A. No. 08-11494-JLT (closed Jun. 3, 2009); Grandoit v. Network Capital Funding Corp., C.A. No. 09-10730-RWZ (closed Oct. 15, 2009); Grandoit v. Bank of America, C.A. No. 09-11004-RWZ (closed Oct. 15, 2009); Grandoit v. Frigidaire, C.A. No. 10-10298-JLT (closed Aug. 4, 2010); Grandoit v. Staples, Inc., C.A. No. 10-10299-RGS (closed Dec. 6, 2011); Grandoit v. Silverman, C.A. No. 11-10873-RWZ (closed Aug 1, 2011); Grandoit v. Robinson, C.A. No. 11-11404-JLT (closed Sept. 30, 2013); and Grandoit v. Wells Fargo Home Mortgage, C.A. No. 11-11713-RWZ (closed Mar. 29, 2013). In 2012, Grandoit's request for permission to file a complaint against Bally Total Fitness was denied. See In Re Enjoined Litigant Gerard D. Grandoit. M.B.D. No. 12-91318-RGS (closed Nov. 5, 2012).

[2]See Judge Stearns's Memorandum and Order in Grandoit v. Staples, C.A. No. No. 10-10299-RGS (Dec. 6, 2012).

the Cambridge Housing Authority.[3]  Id. at ¶¶ 1, 2.  Grandoit states that he "attached a Memorandum of Law in support of his Motion to file the Complaint against CHA on the genuine issue of material facts involved."  Id. at ¶ 3.  With his motion, Grandoit filed a Memorandum of Law in Support of Motion to Show Good Cause, see Docket No.2, as well as the proposed complaint against the Cambridge Housing Authority, a motion for leave to file attachments in support of the complaint and a notice to file under seal.

## PLAINTIFF'S PROPOSED COMPLAINT

Gerard D. Grandoit, a self-described African American man, alleges that on September 6, 2011, he applied for emergency housing from the Cambridge Housing Authority.  See Proposed Complaint ("Prop. Compl."), p. 2. At that time, Grandoit was facing eviction from his condominium after foreclosure by Wells Fargo.  Id. at p. 3.   Grandoit contends that he was qualified for emergency housing because he was able to demonstrate that he was not evicted due to nonpayment of rent and that he was found not to be at fault for the eviction.  He contends that although he met the written criteria for emergency housing, the defendant found he could not qualify based upon his financial obligation.  Id. at p. 4.  Grandoit complains that the final decision denying his application was based upon the alleged impermissible ground that he had previously "moved back into his condominium knowing that he could not keep up with the mortgage payments" Id. at p. 3.   In addition, Grandoit also alleges that his application was denied because his "mortgage payment had been more than 50% of his income."  Id.

Grandoit alleges that the defendant housing authority violated the Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3631 and the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691. Id. at ¶ 1.  In support of this Court's jurisdiction, plaintiff references 28 U.S.C. § 1331; 28

---

[3]This Court cannot locate if, or in which case, Grandoit's 12/13/2013 letter was filed.

U.S.C. § 1367; 28 U.S.C. § 1391(b); and 42 U.S.C. § 1982. Id. at ¶ 2. Grandoit complains that the defendant discriminated against him and refused to grant him emergency housing "on the basis of his national origin, race, color, [and] familial status. Id. at p. 11. Plaintiff seeks equitable relief. Id. at p. 10.

REVIEW

To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550U.S. 544, 555, 559 (2007)).

To determine whether the factual allegations in the complaint are sufficient to survive a motion to dismiss, the Court "employ[s] a two-pronged approach." Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011). "The first prong is to identify the factual allegation and to identify statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." Id. The second prong is to assess whether the factual allegations "'allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at 159 (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). If they do, "the claim has facial plausibility." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Soto-Torres, 654 F.3d at 159 (quoting Sepúlveda-Villarini v. Dep't. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010)).

As a pro se, Grandoit, is entitled to a liberal reading of his allegations, no matter how inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

3

DISCUSSION

I.    THE FAIR HOUSING ACT

The Fair Housing Act makes it unlawful "[t]o discriminate against any persons in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The Fair Housing Act ("FHA") confers a private right of action on one aggrieved by an occurrence of housing discrimination. 42 U.S.C. § 3613(a). A plaintiff can allege three causes of action under Section 3604 of the FHA: intentional discrimination (or disparate treatment), disparate impact, or failure to make reasonable accommodation. S. Middlesex Opportunity Council, Inc. v. Town of Framingham, 752 F.Supp.2d 85, 95 (D. Mass. 2010) (Woodlock, J.) (citations omitted).

Although the FHA also provides an alternate avenue of administrative enforcement by filing a complaint with the Secretary of HUD, 42 U.S.C. § 3610,[4] the FHA doesn't require that an aggrieved person exhaust his administrative remedies before filing a civil action, nor does it require that plaintiff select one avenue to the exclusion of the other. See Mitchell v. Walters, 2010 WL 3614210 (D. N.J. 2010) (citing 42 U.S.C. § 3613(a)(2) ("An aggrieved person may commence a civil action under this subsection whether or not a complaint has been filed under section 3610(a) of this title and without regard to the status of any such complaint")).

Here, Grandoit alleges that the defendant housing authority failed to approve his application for emergency housing based upon an impermissible ground. However, the Court is unable to infer race discrimination, or discrimination based upon any other impermissible ground

---

[4]The Court notes that plaintiff alleges that he filed unsuccessful charges of discrimination with the United States Department of Housing and Urban Development and the Massachusetts Commission Against Discrimination.

based upon the allegations in the complaint.

II.     THE EQUAL CREDIT OPPORTUNITY ACT

The Equal Credit Opportunity Act ("ECOA") prohibits discrimination by a "creditor against any applicant for credit on the basis of race, color, religion, national origin, sex or marital status, or age. See 15 U.S.C. § 1691(a)(1). The ECOA is implemented through Federal Reserve Regulation B, 12 C.F.R. §§ 202.1 to 202.16. A governmental entity can be considered "creditor" and "person" under the ECOA. See Moore v. U.S. Dept. of Agriculture on Behalf of Farmers Home Admin., 55 F.3d 991 (5th Cir. 1995) (noting that, because § 103 of the Truth in Lending Act, like the ECOA definitional section (15 U.S.C.A. § 1691a), defines "creditor" and "person" to include any government or governmental subdivision or agency, Congress must have intended the United States to be included in the term "governmental subdivision or agency," and therefore potentially to be a TILA creditor); cf. Diaz v. Virginia Housing Development Authority, 101 F. Supp. 2d 415 (E.D. Va. 2000) (government housing authority's credit assistance program may consider the marital status and, on that basis, reject the credit application of two unmarried applicants); Matter of Gibbs, 9 B.R. 758, 7 Bankr. Ct. Dec. (CRR) 445, (Bankr. D. Conn. 1981), supplemented, 12 B.R. 737, 7 Bankr. Ct. Dec. (CRR) 1131 (Bankr. D. Conn. 1981), aff'd in part, remanded in part on other grounds, 76 B.R. 257 (D. Conn. 1983) (a city housing authority that did not extend credit, but merely allowed a tenant to pay rent arrearage in installments, was found not to be a creditor under the pre–1982 version of § 103(f) of the Truth in Lending Act).

The ECOA defines a "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691 a(e); 12 C.F.R. § 202.2(l). However, the defendant

5

does not appear to be a "creditor" as that term is defined by the Equal Credit Opportunity Act. Although plaintiff alleges that he "relied on the public assistance program from the CHA as the basis for the credit requested," see "Prop. Compl." at p. 7, ¶ 6, this allegation is insufficient to treat the defendant as a "creditor" as defined by the ECOA. See e.g. Ricci v. Key Bancshares of Maine, Inc., 768 F.2d 456 (1st Cir. 1985) (a third–party action for contribution and indemnity against FBI agents by banks which were sued because they refused to loan money to the plaintiffs, allegedly because the FBI provided the banks with incorrect information with respect to one plaintiff in connection with a criminal investigation into possible criminal wrongdoing at the bank, in which the court, holding that the agents were absolutely immune from common–law claims upon the allegation that they either negligently or intentionally misrepresented the plaintiff's background, also recognized that the agents would have immunity from defamation or other common–law tort claims, if such claims were asserted by the plaintiffs).

To the extent Grandoit asserts discriminatory intent based upon the allegation that his emergency housing application listed his "race, color, religion, [and] national origin," see "Prop. Compl." at p. 7, ¶ 5, the Court is unable to infer impermissible discrimination based on this fact alone. The proposed complaint is devoid of specific facts alleging race, color, religion and/or national origin as motivation for the denial of Grandoit's application for emergency housing. Grandoit's belief that he has suffered race-based discrimination is insufficient to permit this action to proceed. See Elliott v. Group Med. & Surgical Serv., 714 F.2d 556, 567 (5th Cir. 1983) ("a subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief"). As with his FHA claim, without more, Grandoit cannot establish his claim under the EOCA.

III.     42 U.S.C. § 1982

The Civil Rights Act of 1866, as codified in Title 42, Section 1982 of the United States

6

Code ("Section 1982"), declares that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. As explained by the Supreme Court, Section 1982 is concerned with "the right of black persons to hold and acquire property on an equal basis with white persons and [to provide for] the right of blacks not to have property interests impaired because of their race." City of Memphis v. Greene, 451 U.S. 100, 122, 101 S.Ct. 1584, 67 L.Ed.2d 769 (1981).

A plaintiff bringing a claim under Section 1982 "must demonstrate that he was intentionally deprived of his property on account of his race, for '[w]hile § 1982 does not use the phrase 'discrimination based on race,' that is its plain meaning.'" MHANY Mgmt. Inc. v. County of Nassau, 843 F. Supp. 2d 287, 337 (E.D.N.Y. 2012 ) (citing Gomez–Perez v. Potter, 553 U.S. 474, 479, 128 S.Ct. 1931, 1936, 170 L.Ed.2d 887 (2008); see also Shaare Tefila v. Cobb, 481 U.S. 615, 616, 107 S.Ct. 2019, 95 L.Ed.2d 594 (1987) ("The section forbids both official and private racially discriminatory interference with property rights.")). Section 1982 housing discrimination claims are analyzed under the same standard as claims made under the FHA. Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 437 (E.D.N.Y. 2002) ("Housing discrimination claims brought under §§ 1981 and 1982 are analyzed under the McDonnell Douglas Test.").

Grandoit's proposed complaint fails to allege any of the requisite elements for a Section 1982 claim. There are no factual allegations to support any claim he was discriminated against on account of his race. As with his FHA and EOCA claims, without more, Grandoit cannot establish a claim under Section 1982.

## CONCLUSION

Grandoit's request to file a new civil action will be denied because the proposed complaint fails to state a claim.

Based on the foregoing, it is hereby Ordered that:

1. Grandoit's motion to show good cause in support of his brief is <u>DENIED</u>; and

2. The clerk is directed to terminate this matter.

SO ORDERED.

                                                  /s/ William G. Young
                                                  WILLIAM G. YOUNG
                                                  UNITED STATES DISTRICT JUDGE